[L. A. No. 12805. In Bank.—January 17, 1933.]

METZLER & COMPANY OF CALIFORNIA (a Corporation), Respondent, v. M. S. STEVENSON et al., Defendants; CHARLES P. REINIGER et al., Appellants.

Clyde C. Shoemaker for Appellants.

Glen Behymer and B. L. Hoyt for Respondent.

PRESTON, J.—Appeal from judgment quieting title of plaintiff to a portion of subdivided tract of land located in Los Angeles County and hereinafter referred to as "Parcel C". Some of the defendants failed to appear and their default was regularly entered. Appellants, however, are insistent in their demands based upon the provisions of a certain oil and gas lease held by them.

Said lease was executed on April 15, 1924, by defendants Stevenson and Morgan, as owners of a portion of the above-mentioned tract of land described as parcel A and as purchasers under contracts of the remaining portions thereof, described as parcel B and parcel C, to defendant Pomeroy, covering said parcels A, B and C and giving him the sole and exclusive right to prospect, drill for and re-

.move oil, gas and other hydrocarbon substances therefrom and to do other things incidental thereto, for a term of twenty years, and during production thereafter, unless the lease should be otherwise surrendered or forfeited by the lessee. The lessors reserved the right to subdivide the land into lots to be sold for residence and business purposes or to use it for agriculture or grazing, so long as said operations should not interfere with the rights or operations of the lessee. The lease then provided that immediately upon its execution by the lessors the lessee "will cause to be erected and constructed on 'Parcel A' an oil well derrick . . . " and "The Lessee hereby promises and agrees to commence actual drilling of a well upon some portion of the premises hereby leased within five months *from and after date of delivery of certificates of title upon said lands showing title in lessors* . . . Actual drilling of a well . . . is . . . understood to be the actual spudding in of said well followed by diligent prosecution of drilling of said well to completion, or abandonment. . . . It is understood . . . that the erection and construction of the oil derrick in this lease above required to be immediately erected . . . does not in any wise constitute compliance with the provisions of this paragraph requiring the commencement of actual drilling of a well . . . within the time . . . provided . . . " The lease further provided that upon completion or abandonment of the first well, the lessee would within sixty days thereafter commence the drilling of a second well. Following various provisions covering the drilling of further wells and payment of royalties, etc., the lease provided: "Lessee accepts this lease upon the express understanding and with the knowledge of the fact that as to Parcels B and C the legal title to said lands is not as yet vested in the Lessors, but that the Lessors are the purchasers of parcels B and C and will in due course of time procure title to same and that it is the intent of the parties hereto that upon the lessor acquiring the legal title to parcels B and C the lease herein created shall be of the same force and effect as if the said Lessors at the date of execution of this lease had the legal title thereof." It was further provided that upon failure of the lessee to commence the drilling of said first well within the time specified the lease should *ipso facto,* and without notice, cease and terminate. The lease was recorded April 24, 1924.

On February 12, 1925, Southwestern Realty Board, a corporation, from which defendants Stevenson and Morgan were purchasing parcels B and C, deeded said parcels to defendant Morgan and his wife and immediately thereafter, on the same day, said defendant and wife and defendant Stevenson and wife deeded said parcels back to said Southwestern Realty Board, the latter conveyance being made subject to the terms of the oil and gas lease. The court found that the lessee and his assignees had knowledge of the execution and delivery of these various deeds. On November 24, 1926, lessee Pomeroy assigned said lease to defendant Grace M. Reiniger, who thereafter assigned a fractional interest therein to defendant Spencer; on the same day an instrument was executed by Grace M. Reiniger, Charles P. Reiniger, her husband, and Charles H. Spencer, as first parties, and said lessors Morgan and Stevenson, as second parties, whereby the first parties agreed to deliver to the second parties a portion of all oil and gas recovered from said lease or of the net proceeds thereof, and the second parties recited that they had entered into an agreement with defendant Theriot to furnish certain money and to drill a well upon a portion of the leased premises. Thereafter, and on January 3, 1927, Southwestern Realty Board deeded parcel C to Coast Properties, Inc., and about November 23, 1928, the latter company deeded said parcel to this plaintiff, Metzler & Company, still subject to the terms of said oil and gas lease.

Metzler & Company thereupon instituted this action to quiet its title to said parcel C, naming as defendants the various above-mentioned parties. The court made findings in its favor, followed by a decree quieting title as prayed. From said judgment said defendants Charles P. Reiniger and wife and Charles H. Spencer have alone appealed, claiming that the evidence fails to show the alleged forfeiture of the lease and fails to support the finding to the effect that the furnishing of certificate of title was waived by defendants. Appellants also claim that the court erred in permitting a material witness to use a verified complaint in another action to refresh his memory and that the lease has not been abandoned.

The findings of the court show the facts, in addition to those above set forth, to be substantially as follows: That

prior to January 5, 1925, a derrick was erected on parcel A and a well was partially drilled but never completed or carried to production; that on said date the work of drilling and prospecting which had been carried on for some four or five months, was abandoned and all machinery was removed from the premises except the derrick itself; that the work of drilling and prospecting was never resumed nor was any further well commenced within sixty days or any other period; also that certificates of title were never furnished the lessees and that the furnishing thereof was waived by the defendants and each of them; that on March 13, 1927, Coast Properties, Inc., the then owners of the property, served upon the lessee and his successors in interest, including appellants, a notice of default under the terms of the lease; from these facts the court concluded that the lessees had abandoned any rights which they may have had under the said lease and had forfeited any right, title or interest in and to the said parcel C.

It will be observed that the notice of forfeiture was not given by plaintiffs themselves but by their predecessors in ownership nor was the notice a joint act of the original lessors nor was it joined in by any of the present owners of other portions of the three tracts involved. Appellants assert that under the terms of the lease as drawn all parties that are properly described as lessors or their assigns must by joint action give notice of forfeiture before same is valid and this must be followed by an action to which all said persons are made parties by plaintiff. We feel compelled to sustain this contention.

The lease in question covers a very large number of city lots and contemplates a sale of these properties during the period of the lease in small subdivisions; this may cause some difficulties, but these are not sufficient to work the overthrow of a rule of property. It is clear that under the terms of the instrument it is what is known as a community lease, that is, as the lots in each of said parcels are sold by the lessors to purchasers, the purchasers are to participate in the benefits inuring to the lessors ''in the ratio that the areas of said lot or lots of said respective purchaser or purchasers shall bear to the total area of the hereinabove described lands covered by this lease''.

■ Under section 1431 of the Civil Code, an ''obligation imposed upon several persons, or a right created in favor of several persons, is presumed to be joint, and not several. . . . '' Moreover, we are unable to distinguish this situation from that found in the case of *Jameson* v. *Chanslor-Canfield etc. Co.,* 176 Cal. 1 [167 Pac. 369, 370], and the very recent case of *Jones* v. *Pier et al.,* 124 Cal. App. 444 [12 Pac. (2d) 646, 647]. In the first-mentioned case the language of the lease was as follows: ''It is especially agreed by said parties of the second part that failure upon their part to perform any of the conditions embodied herein for a period of thirty days after notification by the parties of the first part to perform such conditions shall render this agreement null and void if said first parties shall so elect.'' The language of the lease in the second case was: ''If the lessee shall fail for a period of ten (10) days after written notice given to it . . . by the lessors to comply with provisions of this lease, the lessors may at their option terminate this lease.'' In each of these cases it was held that the notice of forfeiture as well as the action to declare the same must be the joint act of all the lessors. The language of the lease in the case at bar is: ''Upon the failure of the Lessee to comply with any other covenant in this lease the Lessors may cancel and determine this lease upon thirty (30) days written notice, specifying the covenant or covenants which the Lessee has failed to perform and if the Lessee fails to perform such covenant or covenants so specified in said notice within said thirty days this lease shall terminate.''

It is true that in the first case cited the lessors were tenants in common, but such is not the situation in the other case; therefore, unless language can be found in this lease to render said holdings inapplicable, appellants' claim must be upheld. We have carefully examined the lease and find no provisions making any such distinction.

■ All other points made by appellants are rendered immaterial by the above holding with the exception of the contention that the lessees were not required to drill unless and until a certificate of title was produced by the lessors showing the right in them to execute the lease in question. But the evidence is sufficient to show that the lessees within the time provided erected a derrick and also caused a well to be drilled, the operation occupying some four or five

242

months and ending by a cessation of operations on or about January 5, 1925. This evidence seems sufficient to sustain the finding of the court that the presentation of a certificate of title was waived by the lessees. ▪ In the conclusions of law is the statement that defendants as lessees had abandoned any rights which they had under said oil and gas lease. Conceding said statement to be a finding, it has no sufficient evidence in the record to sustain it. Throughout the proceedings the lessees have contended that the lease was in full effect and that as a condition precedent to action on their part a certificate of title should be furnished.

The judgment is reversed.

Tyler, J., pro tem., Waste, C. J., Curtis, J., Shenk, J., Seawell, J., and Langdon, J., concurred.